COPE, J.
Johnny F. Jordan appeals his convictions for aggravated stalking in violation of subsection 784.048(4), Florida Statutes (1997), and trespass. We affirm.
The victim in this case was Jacqueline Holmes, the former girlfriend of defen *1181 dant-appellant Jordan. She obtained a permanent injunction against defendant for protection against domestic violence. This injunction prohibited contact of any type between the defendant and the victim.
In September 1998, the victim and her daughter were at home when the daughter saw the defendant outside. The victim went outside to speak with the defendant. When she did this, she was holding a kitchen knife she had been using. There was an encounter between the two and the victim cut the defendant on his arm. The victim went back inside and called the police.
About a week later, the defendant called her approximately ten times from jail. These were collect calls that the victim refused to accept.
The defendant contends that the foregoing evidence was insufficient to convict him of the offense of stalking under subsection 784.048(4), Florida Statutes. We disagree and conclude that the evidence was sufficient.
Subsection 784.048(4) states:
(4) Any person who, after an injunction for protection against repeat violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30, or after any other court-imposed prohibition of conduct toward the subject person or that person’s property, knowingly, willfully, maliciously, and repeatedly follows or harasses another person commits the offense of aggravated stalking, a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Under the statute, “ ‘Harass’ means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.” Id. § 784.048(l)(a).
In considering a motion for judgment of acquittal by defendant, the evidence must be viewed in the light most favorable to the State. Perry v. State, 801 So.2d 78 (Fla.2001). So viewed, the motion was properly denied. The defendant repeatedly attempted to contact the victim despite the existence of an injunction prohibiting him from doing so. Further, there was evidence from which the jury could conclude that the conduct had caused substantial emotional distress to the victim.
The defendant also argues that the evidence was legally insufficient to convict him of trespass.[1] The defendant was charged with violating subparagraph 810.09(l)(a)l., Florida Statutes (1997), which provides:
810.09 Trespass on property other than structure or conveyance.—
(l)(a) A person who, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance:
1. As to which notice against entering or remaining is given, ... by actual communication to the offender ...
[[Image here]]
commits the offense of trespass on property other than a structure or conveyance.
*1182 In this case the domestic violence injunction not only directed the defendant to have no contact with the victim, but in another paragraph, the same injunction stated, “Respondent [defendant] shall not enter onto the residential premises or property of Petitioner, living separately,[2] ... or wherever Petitioner may reside in the State of Florida.”
The domestic violence injunction had the effect of giving notice to defendant against entering the victim’s property. The testimony was that the defendant went to the back door of the victim’s property. The evidence was legally sufficient to establish trespass.
Affirmed.

. The charge on this count was originally attempted burglary. The trial court granted defendant's motion for judgment of acquittal on attempted burglary, but allowed the lesser included charge of trespass to go to the jury.

. The domestic violence injunction set forth the victim’s address.